THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO BRACETTY GELY, Defendant and Appellant.

No. 13962.   Argued November 7, 1949.—Decided December 13, 1949.

*Herminio Miranda, Jr.,* for appellant.   *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

The only question to be determined in this appeal is whether the lower court erred in overruling defendant's motion for the suppression of evidence on the ground that said evidence had been obtained by virtue of a search warrant alleged to be void.   The alleged nullity consists: (1) in that in the affidavit upon which the municipal judge entered the order no facts are set forth, but mere conclusions; and (2) in that the inventory of the evidence obtained during the search was not verified.

The *Fiscal* of this Court has set up a question of law which, if decided in his favor, would make it unnecessary to consider the two questions raised by the appellant.   Hence, we shall commence the discussion on the point raised by the *Fiscal*.   It is the following: That appellant lacks standing to demand the suppression of the evidence because in his motion before the lower court he did not allege that the objects seized belonged to him nor that the search was carried out in his premises.

The search warrant herein orders the search of a house—which is described—belonging to the defendant, which he occupies as his residence and wherein he had a *bolipool banca*.   And if we examine the information we shall notice that it charges the defendant with voluntarily, illegally and maliciously "having in his residence and being in possession of materials and implements destined for the manipulation of

the games known as 'Bolita' . . .," and the objects seized pursuant to the search warrant, are forthwith described. The law does not require idle things. If the district attorney describes said articles as having been seized in the residence house property of the defendant and says that the latter had them in his power in order to carry on said illegal game, what purpose would be served by requiring the defendant to allege and prove facts which the district attorney himself accepts as true, to the extent of basing his information on them? *United States* v. *Williams*, 43 F.2d 184 (D.C., M.D., Pa. 1930).

*People* v. *Roldán*, 42 P.R.R. 918, can be distinguished. In the motion to quash filed in said case, it was alleged that the house searched was the residence of Julia Valentín de Roldán wherein the defendant occupied, on a lease, a room adjoining the parlor; and that the evidence whose suppression he requested was found in the kitchen of said house, but he did not allege that he was the owner thereof. It was decided, citing with approval *Remus* v. *United States*, 291 F. 501, and *MacDaniel* v. *United States*, 294 F. 769, that since it was not stated in the motion that the defendant's room had been searched nor that the objects seized belonged to him, he can not contest the validity of the search warrant nor the manner in which the latter was procured and executed, for it does not appear from the motion that his rights were violated. And although in *People* v. *Pérez*, 43 P.R.R. 738, and *People* v. *Acevedo*, 59 P.R.R. 113, also cited by the *Fiscal*, it was stated that the defendant must claim ownership of the evidence seized, it does not appear from either of the opinions that the circumstances in the present case existed in the cases cited and which render unnecessary the averment that the defendant was the owner of the articles seized and that he was in possession of the premises searched.

Having disposed of the question raised by the *Fiscal*, we shall discuss now the questions raised by the defendant.

■ Was the affidavit upon which the warrant was based sufficient? The affidavit consists of five paragraphs. The first paragraph recites the name and personal circumstances of the person requesting the search warrant; the second describes the houses to be searched and it is stated that the defendant manipulated in said houses a *banca* of clandestine lottery; the third alleges that the affiant knows that the houses referred to are being utilized by the defendant in connection with the *bolita* game; and the fourth and fifth literally read as follows:

"That in said residence, every Sunday and in the early morning hours, the defendant, some times in one of the bedrooms of said house and at others in the small house utilized as a café or in the lean-to located in the rear yard, gets together with various of his agents and gamblers and they check there the numbers of the tickets or slips which they utilize in the manipulation of said *banca* with the last three numbers of the first prize of the national lottery of the Dominican Republic, which is drawn out every Sunday in Ciudad Trujillo, Dominican Republic, and which lottery is broadcast in the island of Puerto Rico through th eradio, and the identical numbers win the first prize which the *banca* referred to pays in cash; which money is collected from the clandestine sale of the *bolita* or *bolipool* tickets or slips.

"That the affiant, on several occasions and specifically on Sunday, July 25, 1948, saw that defendant Antonio Bracetty Gelly personally and by means of his agents as assistants, engaged himself in the operation of, and operates, a *bolita* or *bolipool banca,* utilizing therefor notebooks, pencils, papers, paper tickets or slips of different colors and money of legal tender, aware that said game is expressly prohibited by Act No. 220 of May 15, 1948. That the affiant knows all this of his own knowledge."

After examining the fourth and fifth paragraphs copied above, we must conclude that the affidavit states sufficient facts known to the affiant of his own knowledge, which facts support the search warrant. *People* v. *Aybar,* 68 P.R.R. 6, and *People* v. *District Court,* 69 P.R.R. 383.

Finally, the fact that the inventory was not verified, does not invalidate the search which was carried out pursuant to a sufficient affidavit and search warrant. If the inventory was not verified, the defendant could well have asked the court to compel the officer who carried out the search to· comply with that requisite. *United States* v. *Callahan*, 17 F. (2) 937 (D.C., M.D., Pa. 1927); *United States* v. *Kanlan*, 286 F. 963 (D.C. S.D. Ga. 1923), and *Rettich* v. *United States*, 84 F. (2) 118 (C.A. 1st, 1936).

The judgment will be affirmed.

Mr. Justice Snyder concurs in the result.